UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

WENDY PAYNE,

    Plaintiff,

v.                                                                    Case No. 3:19-cv-1173-J-32MCR

SEMINOLE ELECTRIC COOPERATIVE, INC.,

    Defendant.
_____/

## ORDER

**THIS CAUSE** is before the Court on Defendant's Motion to Compel Production of Plaintiff's Medical Records ("Motion") (Doc. 33) and Plaintiff's Response in Opposition thereto ("Response") (Doc. 41). For the reasons stated herein, the Motion is due to be **DENIED**.

**I.  Background**

Plaintiff worked as a Human Resources Generalist for Defendant from 1981 until her termination on June 27, 2018. (Doc. 1 at ¶¶ 9, 23.) On October 16, 2019, she brought this action, alleging disability discrimination in violation of the Americans with Disabilities Act of 1990 ("ADA") and the Florida Civil Rights Act of 1992 ("FCRA"), age discrimination in violation of the Age Discrimination in Employment Act of 1967 ("ADEA") and the FCRA, and discrimination and retaliation in violation of the Family Medical Leave Act ("FMLA"). (*See generally id.*) The Complaint alleges that as a result of Defendant's unlawful

discrimination, Plaintiff "has suffered and continues to suffer damages," and prays for back pay and benefits, interest thereon, front pay and benefits, compensatory damages, pecuniary and non-pecuniary losses, punitive damages, liquidated damages, costs, and attorney's fees.  (*Id.* at 5-9; *see also id.* at 8 (seeking "[c]ompensatory damages for emotional pain and suffering" as part of Plaintiff's age discrimination claim under the FCRA).)

The Complaint also alleges, in relevant part, that Plaintiff was unknowingly exposed to X-ray radiation between 300 and 390 times for three days in July of 2007 during her employment with Defendant when an X-ray machine was brought in and used in the room adjacent to Plaintiff's office without a lead barrier.  (*Id.* at ¶¶ 10-11.)  As a result of this exposure, Plaintiff allegedly became very sick and was diagnosed with "radiation poisoning, peripheral neuropathy, polyneuropathy, axonal neuropathy, and loss of motor control," among other conditions.  (*Id.* at ¶ 12.)  The Complaint further alleges that Plaintiff "still experiences extreme pain, burning, and throbbing all over the front of her body, legs, arms, hands, and feet, as well as incontinence and loss of bowel control, as a result of the radiation exposure," and "will have an increased risk of cancer for the rest of her life."  (*Id.*)

## II.   Discussion

### A.   The Parties' Submissions

In the present Motion, Defendant seeks to compel the records of Dr. Conrad P. Weller, a psychiatrist, who saw Plaintiff following the 2007 radiation

exposure incident alleged in the Complaint.  (Doc. 33 at 1; Doc. 33-3 at 5.) Defendant states that because Plaintiff "had little recollection of the incident," Dr. Weller's "records are needed to determine the further relevance of this medical visit to her claims."[2]  (Doc. 33 at 2.)

At her September 22, 2020 deposition, Plaintiff testified that based upon her attorney's advice, she saw Dr. Weller one time after the radiation incident and it was "for documentation [purposes] in case [her legal action] went forward," not for purposes of treatment.  (Doc. 33-3 at 3 & 5.)  On September 23, 2020, Defendant served a notice of intent to serve a subpoena for production of documents held by Dr. Weller on Plaintiff's counsel.  (Doc. 33-4.)  The subpoena was served on Dr. Weller on September 30, 2020 and required compliance on October 16, 2020.  (Doc. 33 at 2; Doc. 33-4.)  The subpoena commanded Dr. Weller to produce "[e]ach and every document within [his] possession or control, including, but not limited to, all medical records, notes, charts, diagrams, prescriptions, depositions, opinions rendered, reports, diagnoses, or X-rays, which reflect or refer to service, counseling, treatment, benefit or care provided to [Plaintiff] during the time of January 1, 2007 to the present."  (Doc. 33-4 at 8.)

On October 1, 2020, Dr. Weller's office informed defense counsel that in order to release the subpoenaed records, they needed a release of information

---

[2] Defendant also states that Plaintiff "visited Dr. Weller as a result of a referral she received from Dr. Rodolfo Eichberg" (Doc. 33 at 2), but this statement does not seem to be supported by the excerpt of Plaintiff's deposition that was filed with the Court (*see* Doc. 33-3 at 3 & 5).

3

form signed by Plaintiff. (Doc. 33-5 at 3.) On October 7, 2020, Plaintiff's counsel informed defense counsel, via e-mail, of their objection to the subpoena without providing any explanation. (*Id.* at 2.) On October 22, 2020, Plaintiff reiterated her objection and refused to provide a release for the subpoenaed records. (*See* Doc. 33 at 3.)

In support of its request to compel Dr. Weller's records, Defendant brings two arguments. First, Defendant argues that Plaintiff's e-mail objection to the subpoena was untimely because "Plaintiff's counsel did not raise a substantive objection to the subpoena until Defendant's prompting request for a release from the Plaintiff on October 22, 2020, six days after the materials were due pursuant to the subpoena." (*Id.* at 3-4.)

Defendant's second argument is that even assuming Plaintiff's objection was timely, Plaintiff has placed her mental state at issue, thereby waiving the psychotherapist-patient privilege. (*Id.* at 4-5.) Defendant explains:

> Plaintiff has placed Dr. Rodolpho Eichberg and his medical recommendations at the forefront of her claims, which includes his recommendation to seek psychotherapy. In addition, Plaintiff has alleged extreme emotional distress and has provided medical records which identify her multiple medical issues which necessitated referral to a psychiatrist from one of her treating physicians. Plaintiff's extreme emotional distress is evident throughout her deposition and her pleadings and this testimony is sufficient to establish a need for these records. More specifically, at [her] deposition Plaintiff testified that since her termination she "doesn't sleep at night." . . . She further alleges these symptoms have been ongoing since 2007 and Defendant has the right to determine whether these allegations of severe emotional distress predates [sic] Plaintiff's discharge and to what extent they are related to the discharge.

4

(*Id.* at 5.)

Defendant further argues that the relevancy of Dr. Weller's records "cannot be questioned as Plaintiff has directly invoked this 2007 incident in her lawsuit and has alleged damages pertaining to this incident." (*Id.* at 4.)  Defendant adds:

> Plaintiff cites to her alleged 2007 radiation poisoning repeatedly throughout her claims, alleges her disabilities in this case are related, in part, to this purported incident.  She has continued to stress the important [sic] of this incident in discovery responses and has provided a litany of medical providers she has seen related to this incident.  Plaintiff also provided in responsive [sic] to discovery requests personal journal entries from 2007 pertaining to these medical visits which she alleges are relevant to her claims.

(*Id.* at 4-5.)

Plaintiff concedes that her objection to the subpoena was untimely but argues that Defendant's Motion should nevertheless be denied because the delay was harmless, and her objection was based on privilege.  (Doc. 41 at 1.) Plaintiff explains:

> Defendant is seeking psychiatric records from 13 years ago for issues which are not relevant to Plaintiff's claim of wrongful termination.  As stated in Defendant's Motion, Defendant served its Notice of Intent on September 23, 2020 with Plaintiff's response due October 16, 2020.  Plaintiff asserted her objection on October 22, 2020.  This was a mere "minor procedural violation" for which the sanction of waiver-of-privilege would be an undue penalty.  No harm or prejudice against Defendant has been caused by this slight delay in assertion of the objection of privilege (nor has Defendant asserted such harm).  Thus, the granting of Defendant's Motion would create far greater prejudice against Plaintiff (i.e., the waiving of Plaintiff's right to privileged communications with a psychotherapist) than the prejudice Plaintiff's minor delay in asserting her objection created for Defendant.

(*Id.* at 2-3.)

Plaintiff further argues that she has not placed her mental condition in controversy and Defendant has not shown good cause for compelling the production of records. (*Id.* at 3.) Plaintiff states that she "has not plead [sic] any specific psychological conditions other than 'garden variety emotional distress,'" she has not alleged a specific mental or psychiatric injury or disorder, and she has not testified that the events giving rise to this action have caused her unusually severe emotional distress. (*Id.* at 5.)

### B.   Standard

Rule 45(d)(3)(A)(iii) provides that the Court, on a "timely motion," "must quash or modify a subpoena that . . . requires disclosure of privileged or other protected matter, if no exception or waiver applies . . . ." Fed.R.Civ.P. 45(d)(3)(A)(iii). "Where[,] as here, the Court's jurisdiction is premised upon a federal question, the federal law of privilege governs the Court's determination of whether the requested medical records are privileged." *Ortiz-Carballo v. Ellspermann*, No. 5:08-cv-165-Oc-10GRJ, 2009 WL 961131, *1 (M.D. Fla. Apr. 7, 2009); *see also Guilford v. Marketstar Corp.*, 1:08-cv-336-CC, 2009 WL 10664964, *2 (N.D. Ga. Sept. 18, 2009) (quoting *Hancock v. Hobbs*, 967 F.2d 462, 467 (11th Cir. 1992)) (same); *Stevenson v. Stanley Bostitch, Inc.*, 201 F.R.D. 551, 555 (N.D. Ga. 2001) ("The federal courts . . . have consistently held that the federal law of privilege applies to all claims in a federal question case.").

In *Jaffee*, the Supreme Court recognized a psychotherapist-patient privilege that protects from compelled disclosure, under Rule 501 of the Federal Rules of Evidence, confidential communications between licensed psychotherapists (including psychiatrists, psychologists, and social workers) and their patients made in the course of diagnosis or treatment. *Jaffee v. Redmond*, 518 U.S. 1, 15 (1996). The psychotherapist-patient privilege may be waived under certain circumstances. *Id.* at 15 n.14. For example, a patient waives the privilege if she puts her mental condition at issue. *Thomas v. Seminole Elec. Coop. Inc.*, No. 8:16-cv-3404-T-35JSS, 2017 WL 2447722, *4 (M.D. Fla. June 6, 2017); *Chase v. Nova Se. Univ., Inc.*, No. 11-61290-CIV, 2012 WL 1936082, *2 (S.D. Fla. May 29, 2012) (same); *Guilford*, 2009 WL 10664964 at *2 (same); *see also Ortiz-Carballo*, 2009 WL 961131 at *2 ("Generally, in order to obtain psychiatric records, the party requesting the records must show that the plaintiff has placed her mental condition 'in controversy' and there is 'good cause' for production of the records.").

"As a general rule, when a party fails to object timely to discovery requests, such objections are waived." *United Steelworkers of Am., AFL-CIO v. Ivaco, Inc.*, No. 1:01-cv-0426-CAP, 2002 WL 31932875, *4 (N.D. Ga. Jan. 13, 2003) (citations omitted). However, waiver of a privilege "is an extreme sanction" that "should be reserved for cases of unjustifiable delay, inexcusable conduct, or bad faith in responding to discovery requests." *Id.* (citations omitted). "Thus, minor

procedural violations, good faith attempts at compliance, and other mitigating circumstances will militate against finding waiver." *Id.*

"'[T]he scope of discovery through a subpoena is the same as that applicable to Rule 34 and the other discovery rules.'" *Frett v. Cellco P'ship*, No. 8:14-cv-1047-T-36EAJ, 2014 WL 12617966, *1 (M.D. Fla. Oct. 1, 2014) (quoting Fed.R.Civ.P. 45(d)(1) Advisory Committee's Note to the 1970 Amendment). Rule 34 authorizes discovery requests within the scope of Rule 26(b). Fed.R.Civ.P. 34.  Under Rule 26(b)(1):

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed.R.Civ.P. 26(b)(1).

### C.    Analysis

The Court determines that Defendant's Motion is due to be denied.  As an initial matter, Plaintiff's standing to object to Dr. Weller's subpoena seems to be undisputed.  The general rule in federal court is that "a party has standing to challenge a subpoena when she alleges a 'personal right or privilege with respect to the materials subpoenaed.'"  *Stevenson*, 201 F.R.D at 555 n.3 (citing, *inter alia*, *Brown v. Braddick*, 595 F.2d 961, 967 (5th Cir. 1979)); *see also Frett*, 2014 WL 12617966 at *1 ("A party has standing to challenge a non-party subpoena if

8

the party 'alleges a personal right or privilege with respect to the subpoenas.'") (quoting *Auto-Owners Ins. Co. v. Se. Floating Docks, Inc.*, 231 F.R.D. 426, 429 (M.D. Fla. 2005)).  Because Plaintiff argues that the subpoenaed records are protected by the psychotherapist-patient privilege, she has standing to challenge the subpoena.

Further, although Plaintiff concedes that her objection, filed six days after the deadline, was untimely, she argues that this "minor delay" was "harmless" and that the prejudice she would suffer if the records are released would significantly outweigh any prejudice suffered by Defendant as a result of the delay.  Given the questionable relevance of Dr. Weller's outdated records, the Court's earlier finding that Plaintiff's mental condition is not in controversy, and the minor delay in bringing a substantive objection to the subpoena,[3] the Court will not compel the psychiatrist's records at this juncture.

Defendant asserts that Plaintiff saw Dr. Weller based on the recommendation of Dr. Eichberg that she needed to seek psychotherapy. However, the record before the Court (including Plaintiff's deposition testimony and the omission of Dr. Weller's name from Plaintiff's initial disclosures) indicates

---

[3] The Court notes that Plaintiff timely objected to the subpoena on October 7, 2020 but did not provide any explanation as to the basis of her objection on that day. However, Plaintiff did so on October 22, 2020, albeit after the deadline for objections. Thus, Plaintiff's conduct here is more akin to a minor procedural violation than to bad faith conduct, which could justify the extreme sanction of waiver of a privilege.  The Court also notes that the cases on which Defendant relies for its untimeliness argument did not involve the psychotherapist-therapist privilege.

that Plaintiff saw Dr. Weller one time after the 2007 radiation exposure incident, based on her attorney's advice, for documentation purposes and not for purposes of treatment.  It appears that even Defendant is unsure of the "relevance of this medical visit to [Plaintiff's] claims."  (Doc. 33 at 2 (asking for Dr. Weller's records in order "to determine the further relevance of this medical visit to [Plaintiff's] claims").)  As such, Defendant has not shown the relevancy of Dr. Weller's records from over ten years before Plaintiff's termination.  *See Ortiz-Carballo*, 2009 WL 961131 at *3 ("Dr. Gomez' records reflect treatment more than 10 years ago for a six-month bout of depression.  These records are not relevant or reasonably calculated to lead to the discovery of relevant evidence in this action.").

To the extent Defendant argues that Dr. Weller's records are relevant because Plaintiff has included the radiation exposure incident in her Complaint and has alleged damages for emotional pain and suffering (as part of her age discrimination claim under the FCRA), the Court has already determined that Plaintiff has not placed her mental condition in controversy and it was the discrimination and retaliation due to the radiation exposure (rather than the radiation itself) that allegedly caused the emotional pain and suffering for which Plaintiff seeks relief in this action.[4]  (*See* Doc. 50.)  As Plaintiff's mental condition

---

[4] In the present Motion, Defendant also argues that Plaintiff testified at her deposition that *since her termination in 2018*, she "doesn't sleep at night," and that "these symptoms have been *ongoing since 2007*." (Doc. 33 at 5 (emphasis added).)

is not in controversy, she cannot be deemed to have waived the psychotherapist-patient privilege as to Dr. Weller's records.  Therefore, the Court will not compel the release of these records to Defendant.

Accordingly, it is **ORDERED**:

The Motion (**Doc. 33**) is **DENIED**.

**DONE AND ORDERED** at Jacksonville, Florida, on December 10, 2020.

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record

---

Not only are these statements inconsistent, but also Defendant has not shown where in the deposition Plaintiff has made such statements.